**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| AYMARA SARABIA MORENO,<br>Petitioners,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. EDCV 26-4679-AS<br>**MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED PETITION** |

On August 13, 2026, Petitioner Aymara Sarabia Moreno (A# 205-526-638) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center Desert View Annex in Adelanto, California, and is proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking her immediate release on the grounds that ICE violated due process by detaining her on July 27, 2026, without prior notice or a meaningful opportunity to challenge it, despite that she had been released from immigration custody more than five years earlier, in March 2021, upon being found to pose neither a flight risk nor a

danger to the community. (Dkt. No. 1). Petitioner is subject to a final order of removal issued on September 29, 2020, but she was also granted deferral of removal in March 2021 under the Convention Against Torture. (Id. at 4-5, 10).

On August 24, 2026, Respondents filed an Answer which states that they "are not presenting an opposition argument" to the Petition "at this time." (Dkt. No. 9).

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately from immigration detention under the same conditions to which she was subject prior to her current detention.[1]

**DISCUSSION**

Petitioner has a substantial due process interest in being released, as she has lived in the United States for fourteen years and was released on supervision more than five years ago. See Zadvydas v. Davis, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (a parolee's liberty is "valuable" since it "enables him to do a wide range of things open to persons who have never been convicted of any crime," such as being employed, spending time with

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-5, 10).

family and friends, and "form[ing] the other enduring attachments of normal life"); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner had substantial private interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"). In contrast, Respondents have identified no significant government interest in detaining Petitioner at this time. There is no indication that she violated any of the terms of her supervision, nor that any changed circumstances have made her removal likely in the reasonably foreseeable future. See 8 C.F.R. § 241.4(*l*)(1) (permitting ICE to revoke release of noncitizen subject to removal order who violates a condition of release); id. § 241.13(i)(1)-(2) (permitting ICE to revoke release where noncitizen violates conditions or when, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future"). In light of these circumstances and Respondents' non-opposition (see Answer at 2), Petitioner merits immediate release from detention.

**ORDER**

Accordingly, the Court GRANTS the Petition, and ORDERS Respondents to release Petitioner Aymara Sarabia Moreno (A# 205-526-638) from immigration detention immediately. Respondents also shall file a "Notice of Release" within three days of the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 26, 2026

/s/

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE